22-393-cv
Hofmann v. Long Island Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

JAMES HOFMANN,

*Plaintiff-Appellant*,

v.                                                      22-393-cv

LONG ISLAND UNIVERSITY,

*Defendant-Appellee*.*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | BLAKE G. ABBOTT (Roy T. Willey, IV, *on the brief*), Poulin, Willey, Anastopoulo LLC, Charleston, SC |
| FOR DEFENDANT-APPELLEE: | JONATHAN B. FELLOWS (Suzanne M. Messer, *on the brief*), Bond, Schoeneck & King, PLLC, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

James Hofmann appeals from a January 25, 2022 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) dismissing his suit against Long Island University ("LIU") for breach of contract, unjust enrichment, conversion, and deceptive business practices and false advertising under New York General Business Law §§ 349 and 350, all arising from LIU's transition from in-person classes to remote instruction during the COVID-19 pandemic. On appeal, Hofmann argues that the District Court erred in dismissing his claims. We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court granted LIU's motion for judgment on the pleadings and dismissed Hofmann's claims under Federal Rule of Civil Procedure 12(c). *See Moore v. Long Island Univ.*, No. 20-CV-3843, 2022 WL 203988 (E.D.N.Y. Jan. 24, 2022). We review that decision *de novo*. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "In deciding Rule 12(c) motions, we employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in the nonmoving party's favor." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (quotation marks omitted).

Hofmann argues that the District Court erred in dismissing his breach of contract claims for tuition and fees. He asserts that LIU's "bulletins, circulars and regulations" created an implied contract with its students, requiring LIU to provide "in-person instruction when they paid tuition [and fees] for the Spring 2020 semester." Appellant's Br. 14–15. Even if it is true that an implied contract mandated in-person instruction, we have held that "[u]niversities may limit or qualify their promises by including a *force majeure* provision in their implied

3

contracts with students." *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023); *see Tapinekis v. Pace Univ.*, No. 22-1058-CV, 2024 WL 2764146, at *1 (2d Cir. May 30, 2024). Here, LIU's bulletin contains an express *force majeure* clause, which warns that "[t]he University assumes no liability for interruption of classes or other instructional activities due to fire, flood, strike, war or other *force majeure*." Supp. App'x-A 94 (emphasis added). Thus, this case is distinguishable from *Rynasko v. New York University*, on which Hofmann relies, because the disclaimer at issue in *Rynasko* "d[id] not purport to serve as a *force majeure* clause" and was worded too broadly to be interpreted as one. 63 F.4th 186, 200 (2d Cir. 2023); *accord Goldberg*, 88 F.4th at 211. In view of the express *force majeure* clause in LIU's bulletin, the District Court correctly determined that LIU did not breach an implied contract with Hofmann.

Hofmann also challenges the District Court's dismissal of his unjust enrichment claim. In New York, unjust enrichment claims "are ordinarily precluded if a valid and enforceable written contract, even an implied contract, governs the relevant subject matter." *Goldberg*, 88 F.4th at 214 (quotation marks omitted). A "plaintiff may plead unjust enrichment . . . in the alternative if there is 'a dispute over the existence, scope, or enforceability of the putative contract.'"

4

*Id.* at 215 (quoting *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 263 (2d Cir. 1999)). There is no dispute that an implied contract existed between Hofmann and LIU; rather, their dispute goes to "the terms of that implied contract." *Tapinekis*, 2024 WL 2764146, at *2. Accordingly, Hofmann's unjust enrichment claim is "entirely duplicative of his breach of contract claims, and the [D]istrict [C]ourt properly dismissed [it]." *Goldberg*, 88 F.4th at 215; *see Tapinekis*, 2024 WL 2764146, at *2.

Hofmann's conversion claim likewise fails. Under New York law, "'an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question.'" *Bascuñán v. Elsaca*, 874 F.3d 806, 820 n.56 (2d Cir. 2017) (quoting *Mfrs. Hanover Tr. Co. v. Chem. Bank*, 559 N.Y.S.2d 704, 712 (1st Dep't 1990)). We affirm the District Court's dismissal of Hofmann's conversion claim for at least two reasons. First, Hofmann did not allege a "specific, identifiable fund." *Id.* He did not, for example, distinguish the portion of his tuition and fees paid for in-person instruction before the pandemic from the portion of his tuition and fees directed to remote instruction once the pandemic began. Second, under New York law "[a] cause of action for conversion cannot

5

be predicated on a mere breach of contract." *Jeffers v. Am. Univ. of Antigua*, 3 N.Y.S.3d 335, 339 (1st Dep't 2015) (quotation marks omitted). Here, Hofmann's conversion claim rests on the same factual allegations as his breach of contract claim.

Lastly, Hofmann argues that the District Court erred in dismissing his deceptive business practices and false advertising claims under New York General Business Law §§ 349 and 350. To state a claim under either section, "'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021) (quotation marks omitted).

Hofmann's General Business Law claims fail largely for the same reasons as his breach of contract claims. Hofmann does not allege that LIU promised that its on-campus experience would remain indefinitely in place, even if burdened

6

by events outside of its control such as a global pandemic. Indeed, as discussed above, LIU's bulletin expressly addressed emergencies and *force majeure* events that might require it to alter the on-campus, in-class experience. A reasonable consumer thus would not have been misled by LIU's bulletin. Accordingly, the District Court properly dismissed Hofmann's claims under New York's General Business Law because he failed to allege conduct that was materially misleading.

We have considered Hofmann's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court